IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-M-666

FILED
OCT 1 4 2008
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOSEPH GILL, ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on the government's motion for leave to destroy certain evidence (DE #4). For the reasons stated below, the motion will be denied without prejudice.

On 23 October 2006, defendant had an initial appearance in this court after a bench warrant was issued out of the District of Maryland for violation of supervised release. (*See* E.D.N.C. docket entry dated 23 Oct. 2006; *see also* D. Md. docket sheet for *United States v. Gill*, 1:04-CR-134-AW, docket entry dated 8 Sept. 2006). At this proceeding, defendant was appointed counsel (DE #1), waived his Rule 5 hearing (DE #2), and was committed to the District of Maryland (DE #4).

On 26 September 2008, the government filed its motion seeking leave to destroy certain evidence. Specifically, the government states that the United States Marshal's Service recovered the following items made the subject of its motion following defendant's October 2006 arrest: a white Virgin Mobile cell phone; a Compaq Presario desktop computer (model no. SR1403w and serial no. CNH5070GX5); a black binder; a black desk calender; a black plastic file organizer; a black nylon bag; a black and orange nylon bag; and numerous miscellaneous papers (collectively "subject evidence"). (Govt.'s Mot. p. 1). The government notified FBI Special Agent Michael Sutton concerning its seizure of the subject evidence and no request for its production was made. (*Id.*, p. 2 ¶ 4).

The government's motion suffers from two deficiencies. First, the government has not stated

the facts or legal authorities upon which it bases its request that the subject property be destroyed. The government has not demonstrated that it has the right to destroy the subject property. Although the government characterizes the property as "evidence," it has not explained the basis for this characterization.

Second, the government has not demonstrated that it has served its motion on defendant or otherwise given him notice of it. The electronic receipt for the motion indicates that it was electronically mailed to two government attorneys, and the motion is not referenced on the docket sheet in the Virginia case. *See United States v. Goodman*, 34 Fed. Appx. 137, 137 (4th Cir. 2002) (holding that service of a motion to destroy evidence on defendant's former counsel was insufficient notice considering defendant was in custody and his whereabouts known); see also Fed. R. Crim. P. 41(g) (allowing "[a] person aggrieved by an unlawful search and seizure of property . . . [to] move for the property's return").

The motion is accordingly DENIED. The government has leave to refile a motion seeking the same relief that addresses the deficiencies noted in this order.

SO ORDERED, this 14th day of October, 2008.

James E. Gates
United States Magistrate Judge